R. D. SMITH, adm'r, *v.* HEIRS AND CREDITORS OF JAS. H. THOMAS, deceased.

1. RENTS. *Belong to heir or devisee.* Rents which accrue from real estate, of which the testator died seized and possessed, after a bill is filed in chancery for construction of will and to sell the lands to pay debts, belong to the heirs or devisees under the will, and cannot be applied to the payment of debts.

2. DESCENT. *Alienation by heir.* The heir or devisee is so far the owner that if he *bona fide* alien the land, the *bona fide* purchaser gets a good title, and the creditor's remedy is against the heir or devisee for ancestor's debts to the value of the land aliened.

FROM MAURY.

Appeal from the Chancery Court at Columbia. W. S. FLEMING, Ch.

A. W. STOCKELL for complainant.

N. P. WILKES and G. P. FRIERSON for creditors.

R. D. Smith *v.* Heirs, etc., of J. H. Thomas, deceased.

FREEMAN, J., delivered the opinion of the court.

Two questions only are presented in this case, growing out of the administration of the estate of Jas. H. Thomas, late of Maury county:

First, Whether the rents of the real estate of which he died possessed, which accrued after filing the present bill, to have the will construed, and the estate settled in the chancery court, in which a sale of the land is sought to pay debts, can properly be applied to the payment of debts as against the heirs or devisees under the will, either as a matter of law or under the provisions of the will of testator. The chancellor held the affirmative, the Referees report the contrary, the creditors except, and thus raise the question.

While 'real estate, unless specially exempt, is made asset for the payment of debts of a decedent, yet the title subject to this liability, under such proceedings as are required by our law, goes directly to the heir or devisee where there is a will. It has always been held in this State that while the heir or devisee is owner, and is entitled to the rents and profits, he is so far owner that if he *bona fide* alien the land, the *bona fide* purchaser gets a good title, and the creditor's remedy is against the heir or devisee, who is answerable for the ancestor's debts to the value of the land aliened: T. & S. Code, 2256, secs. 1764–5; 4 Yer., 218; 6 Bax., 67; 6 Lea, 439; *Gibson* v. *Jones*, 13 Lea, 684.

There is nothing in our statutes changing the rights of the heir or devisee in this respect; on the

contrary, the remedy of the creditor, both under act of 1827, Thompson & Steger's Code, 2267, when there has been an exhaustion of personal assets in payment of debts, and under our insolvent laws, is only against the land itself, the heir being recognized as owner by being required to be made party in order that his title may be divested on sale of the land for the benefit of the creditor. See T. & S. Code, 2337-8.

The Referees' report will therefore be approved, and decree of the chancellor reversed as to this point. It is proper to add, that there is nothing in the will which changes this result. The whole will clearly shows that the testator supposed he had ample means to pay his debts, and the devisees receive the land given. There is no purpose to dispose of the rents.

The other question is, whether the life policy in Northwestern Insurance Company of $5,000 was to be appropriated to the payment of the debts of testator. The chancellor so held, but the Referees modify this, because it does not sufficiently appear that it will be necessary so to use it.

The case on this question is, that by item 2 of the will, this policy is given to his wife in trust, to be loaned out, and proceeds applied by her in care and education of his two daughters until they should marry, and then other trusts specified. But in a codicil subsequently made he provides as to the "five thousand dollars of insurance given my wife in trust, provided my debts require it, it shall be applied to the payment of my debts."

The Referees hold that if the necessity shall be made to appear, then it can be so appropriated. This is correct on this record, as the account of debts has not been taken. We, however, agree with what we understand to be the view of the Referees, that if it does appear to be necessary in the process of the administration, then this sum shall be so appropriated, as the administration is proceeding. Such necessity, we have no doubt from what we see, will be found, and the case will be remanded with this point adjudicated as above.

The report of the Referees is approved, and chancellor's decree modified as indicated.